IN THE UNITED STATES DISTRICT COURT FOR MIDDLE TENNESSEE,
NORTHEAST DIVISION

| | |
|---|---|
| KEVIN WOODARD | ) |
| | ) CASE NO. _____ |
| Plaintiff, | ) |
| | ) |
| Versus | ) |
| | ) |
| MACON COUNTY, TENNESSEE; | ) |
| JOSEPH WILBURN, Individually and in | ) |
| his Official Capacity as Sheriff of Macon | ) |
| County, Tennessee | ) |
| | ) |
| Defendant. | ) JURY DEMANDED |

## COMPLAINT

**THE PLAINTIFF,** Kevin Woodard, by and through his representation attorney Richard M. Brooks, of Brooks Law, for cause of action against the Defendants, both jointly and severally, and would respectfully state unto this Honorable Court as follows:

### I. INTRODUCTION

1.  This is an action for damages and injunctive relief, based upon the discriminatory practices of the Defendants. The Plaintiff was formerly employed by Macon County Tennessee Sheriff's Department by the former Sherriff Mark Gammons. The Plaintiff seeks to restrain the Defendants from maintaining a policy, practice, custom, or usage of discriminating against the Plaintiff upon the basis of the Plaintiff's exercise of his constitutional right to political speech and association, and from conspiracy to unlawfully deprive the Plaintiff of equal protection of the laws with respect to promotion, wages, and other terms and conditions of employment due to the Plaintiff's political expression and

association. This Complaint seeks restitution, including promotion that is representative of all rights, privileges, benefits, and income that would have been received by the Plaintiff but for Defendants' unlawful and discriminatory practices.

## II. JURISDICTION

2. This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the First and Fourteenth Amendments to the United States Constitution and other claims, which arise under state law. The Plaintiff would further rely upon the constitutional and common law of the State of Tennessee and the United States, and to the torts cited herein.

3. Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343(a)(3)(4), and § 1367(a). This Honorable Court has jurisdiction over the Plaintiff's claims of violation of civil rights pursuant to 42 U.S.C. § 1983 and pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391 in that the factual acts and omissions, which give rise to this cause of action occurred within this district and within one year of the filing of this Complaint and this Honorable Court otherwise has jurisdiction.

## III. PARTIES

5. Plaintiff Woodard is a 48-year-old Caucasian male who resides in Macon County, Tennessee.

6. Upon information and belief, Defendant, Joseph Wilburn, is an adult resident citizen

of Macon County, Tennessee. At all times material hereto, Defendant Joseph Wilburn was the newly elected Sheriff and the chief policy maker for Macon County and was acting by virtue of his position as the Chief law enforcement officer of Macon County and under the color of state law. Defendant is also sued in his individual capacity as the Sheriff of Macon County.

7. Macon County Tennessee is a political subdivision charted by the state of Tennessee.

## IV. FACTS

The Plaintiff makes the following allegations based on his knowledge, information, and belief of the actions of the Defendants as well as upon various documents on or about September of 2022.

8. Defendant, Mark Gammons, the former Sherriff, held a position of authority over the Plaintiff during the Plaintiff's employment.

9. The Plaintiff has been subjected to adverse employment action and retaliation for his political association with the former Sherriff Mark Gammons, who was the political opponent of now incumbent Sheriff Joseph Wilburn, in the election cycle of 2022.

10. The Plaintiff was employed by the Macon County Sheriff's Department on August 31, 2022, the day before the election.

11. The Plaintiff was terminated by the newly elected Sherriff Joey Wilburn on September 6, 2022.

### A. FACTS AS THEY PERTAIN TO KEVIN WOODARD

12. Plaintiff Woodard was a non-supervisor, non-policy making employee of the Macon County Sheriff's Department from 2019 until his termination on September 6, 2022.

He was a Detective at the time of his termination.

13. Items citied in Mr. Woodard's termination letter happened prior to Mr. Wilburn being appointed as Sherriff of Macon County and fell under the authority of previous Sherriff Mark Gammons. **(EXHIBIT A)**

## COUNT I

The Plaintiff adopts and incorporates by reference herein, Paragraphs 1 through 13 of this Complaint.

14. At times material herein, the Plaintiff spoke out on matters of public concern. The right of the Plaintiff to speak out freely on these and other matters of public concern is protected by the First Amendment and the Fourteenth Amendment of the United States Constitution. The public has a vital interest in free and open discussion on issues of public importance as protected by the First Amendment under the Bill of Rights.

15. The termination of the Plaintiff, actions, omissions and decisions of the Defendants, were designed to cause, have caused, and will continue to cause, the Plaintiff to lose wages, compensation, entitlements and rights. In addition, these actions, omissions and decisions of the Defendants, were designed to cause, have caused, and will continue to cause, the Plaintiff to suffer humiliation and harm to their reputation, emotional and mental injuries, pain and suffering, financial and other adverse consequences, for which the Plaintiff seeks full damages and make whole relief. **(EXHIBIT B)**

16. Such actions, omissions, and decisions on the part of the Defendant, Macon County, including, but not limited to terminations and efforts to silence the Plaintiff were taken under color of law, and such actions, omissions and decisions have deprived the Plaintiff of his rights, privileges and immunities secured by the United States Constitution and laws in

violation of 42 U.S.C. § 1983, and for which liability exists under 42 U.S.C. § 1983.

17. In violation of the Plaintiff's clearly established rights safeguarded under the First and Fourteenth Amendments to the United States Constitution. The grounds and reasons offered by Defendants for their adverse employment actions, omissions and decisions against the Plaintiff were false and pretextual.

18. Such unlawful actions, omissions and decisions, as alleged herein, make the Defendant County fully liable to the Plaintiff under 42 U.S.C. § 1983 based on the authority and actual decisions of the Defendant County and other Defendant. In addition, such unlawful actions, omissions and decisions, as alleged herein, were based on the policymaking and final decision-making authority of the Defendant, and were based on the policy, custom and practice of the County.

19. Such unlawful actions, omissions and decisions of the Defendants individually, separately and/or jointly, alleged herein, were done in a knowing, willfully, reckless and bad faith manner, and violate clearly established constitutional and statutory provisions and rights of which a reasonable person would have known.

## COUNT II

The Plaintiffs adopt and incorporate by reference herein, Paragraphs 1 through 19 of this Complaint.

20. At all times material hereto, the Plaintiff was associated with Mark Gammons, a political opponent of Sheriff Joey Wilburn, for the office of Macon County Sheriff, during the 2022 election cycle.

21. The rights of the Plaintiff to freedom of association is clearly established and

protected by the First Amendment and Fourteenth Amendment to the United States Constitution.

22. In the weeks leading up to the August 2022 Macon County Sherriff election, Mr. Woodard actively supported Sherriff Gammons' re-election campaign, including by putting up yard signs on supporter's property, by displaying yard signs and bumper stickers on his property and vehicle, staffing campaign tents outside of election sites on Election day and early voting, attending political events, by wearing campaign clothing, and in other ways.

23. Upon learning and recognizing the Plaintiff's association, Defendant, Sheriff Joey Wilburn engaged in actions, omissions and decisions, aimed at denying the Plaintiff's employment rights and protections granted to him under law, including but not limited to termination and efforts to silence the Plaintiff, as alleged in this Complaint. These actions, omissions and decisions, of the Defendants were designed to cause, have caused, and will continue to cause, the Plaintiff to lose wages, compensation, entitlements and rights. In addition, these actions, omissions and decisions, of the Defendants were designed to cause, have caused and will continue to cause, the Plaintiff to suffer humiliation and harm to his reputation, emotional and mental injuries, pain and suffering, financial and other adverse consequences, for which the Plaintiff seek full damages and make whole relief.

24. Such actions, omissions and decisions of Defendants, including, but not limited to, termination and efforts to silence the Plaintiff were taken in response to, and in retaliation for, the Plaintiff's exercise of his constitutional and lawful rights to speak out about matters of public concern, in violation of the Plaintiff's rights safeguarded under the First and Fourteenth Amendments to the United States Constitution. The grounds and reasons offered by Defendants for their adverse employment actions, omissions and decisions, against the Plaintiff were false

and pretextual.

25. Such actions, omissions and decisions, on the part of Defendant individually, separately and/or jointly, including, but not limited to, termination and efforts to silence the Plaintiff were taken under color of law, and such actions, omissions and decisions, have deprived the Plaintiff of his clearly established rights, privileges and immunities secured by the United States Constitution and laws in violation of 42 U.S.C. §1983, and for which liability exists under 42 U.S.C. § 1983.

26. Such unlawful actions, omissions and decisions, as alleged herein, make the Defendant County fully liable to the Plaintiff under 42 U.S.C. § 1983 based on the authority and actual decisions of the Defendant County and other Defendant. In addition, such unlawful actions, omissions and decisions, as alleged herein, were based on the policymaking and final decision-making authority of the Defendant, and were based on the policy, custom and practice of the County.

27. Such unlawful actions, omissions and decisions of Defendant, individually, separately and/or jointly, alleged herein, were done in a knowing, willfully, reckless and bad faith manner, and violate clearly established constitutional and statutory provisions and rights of which a reasonable person would have known.

## COUNT III

### (Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978))

28. Defendant Macon County and Sherriff Joey Wilburn knew or should have been aware of the political firing being a violation of the First Amendment based on a previous case

against Sherriff Gammons when he was re-elected in 2014. **(Hardin *et al* vs Gammon *et al* lawsuit. 2:14-CV-00112)**

29. Further, Sherriff Wilburn should have been aware of the 14th Amendment from being a Defendant in the firing of a female Deputy Sherriff. Sherriff Gammons was a also a Defendant in the same lawsuit. A pattern and habit has been established by Macon County and the individuals who occupy the Sherriff's Office. **(Whitlow v. Macon County Tn., 2:19-cv-00086)**

## PRAYER FOR RELIEF

30. Wherefore, the Plaintiff prays that this Court grants relief against the Defendants, individually, separately, and/or jointly, as follows:

> a. Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated his statutory, constitutional, and legal obligations, and deprived the Plaintiff of his rights, privileges, protections, compensation, and entitlements under law and Constitution, as alleged herein;
>
> b. Award the Plaintiff monetary damages in the form of back pay compensations, unpaid entitlements, benefits, plus pre-judgment and post judgment interest;
>
> c. Award the Plaintiff compensatory damages payable by the Defendants and punitive damages payable by the individual Defendant, for the violations of Plaintiff's rights and the harm to his reputation, humiliation, emotional and mental anguish, and for other financial and consequential harm and injuries he has suffered;
>
> d. Award the Plaintiff reasonable attorney's fees and the costs and disbursements of this action;

**FURTHER,** Plaintiff respectfully requests that this Court:

1. That process issue requiring the Defendants to respond within the time provided by law;

2. The Plaintiff be awarded compensatory damages including, *inter alia*, monetary compensation

for Plaintiff's lost wages, lost benefits, humiliation, and emotional pain and suffering;

3. For an award of punitive damages against the Defendant, Joseph Wilburn in his official capacity;

4. That Plaintiff be awarded attorney's fees, expenses and costs as authorized under 42 U.S.C. § 1988;

5. That Plaintiff be awarded such additional and general relief to which they may be entitled, at law or in equity.

Constitutionally Submitted By,
**Richard M. Brooks** # 4308
130 West Third Avenue
Carthage, TN 37030
615.735.0807 phone
615.735.1921 fax
utkrmb@comcast.net

Kevin Woodard, Plaintiff